IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV405

| | | |
|---|---|---|
| MACK B. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHESAPEAKE HARDWOOD | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon Defendant's Motion to Dismiss, Motion to Strike Jury Demand, and Motion to Strike Relief Not Permitted (Docket # 3), as well as Plaintiff's Motion to Remand and Motion to Amend (Docket # 5).

Plaintiff, a former employee of the Defendant, originally filed this suit in state court for breach of contract, alleging unpaid benefits arising out of Defendant's Severance Benefits Policy contained in its employee handbook. The Severance Benefits Policy in Defendant's Employee Handbook provides that a salaried employee who has completed six months of continuous service may be eligible for severance benefits upon the occurrence of three events: (1) job elimination; (2) facility closure; or (3) sale of the facility if the employee is not offered a job by the buyer. Benefits are paid in a lump sum within ten days of the last day of employment and are based on an employee's length of service and annual base salary as of the last day of employment. Plaintiff alleges that he was terminated from his employment with the Defendant as a result of job elimination.

1

Defendant timely removed the action to this court based upon federal subject matter jurisdiction. Defendant alleges that the Severance Benefit Policy is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §§ 1001 *et seq*. and, as such, Plaintiff's claim for benefits arise under ERISA. Because Plaintiff's claim arises under ERISA, Defendant contends, it is preempted and subject to dismissal. Moreover, Defendant contends Plaintiff is not entitled to a jury trial or to any claims for relief precluded by ERISA. Defendant moves the court to either dismiss the case, or in the alternative, require Plaintiff to amend his Complaint to properly plead a cause of action under ERISA, strike the jury demand and any relief not permitted under ERISA. The Plaintiff has responded by filing a Motion to Remand the case to state court, arguing that the severance plan does not qualify as an ERISA plan. In the event the court determines that remand is inappropriate, Plaintiff requests that he be given leave to amend the Complaint to assert claims under ERISA.

The court notes that removal jurisdiction is strictly construed and when federal jurisdiction is in doubt, remand is appropriate. General Technology Applications, Inc. v. Extro Ltda., 388 F.3d 114, 118 (4th Cir. 2004). Moreover, the burden is upon the party opposing remand to establish such facts as will prove jurisdiction and the facts are to be stated in the light most favorable to the party seeking remand. Mullaly v. Insurance Services Office, Inc., 395 F.Supp.2d 290 (M.D.N.C. 2005).

The Motion to Dismiss and the Motion to Remand both hinge upon the issue of whether Defendant's Severance Benefits Policy is an ERISA plan. Whether the payment of benefits is governed by ERISA depends on whether the payment of such benefits "requires an ongoing

2

administrative program to meet the employer's obligation." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987). While the Fourth Circuit has not yet articulated a framework for determining whether the payment of severance benefits requires an ongoing administrative scheme, district courts in this circuit have adopted a variety of factors from other circuits. Mullaly, 395 F.Supp.2d at 294-95. These include: (1) the amount of managerial discretion allowed in the payment of the benefits and whether a case-by-case review of employees is needed; (2) whether the payments are triggered by a single, unique event in the course of business or on a recurring basis; (3) whether the employer makes a one-time lump-sum payment or continuous, periodic payments; and (4) whether the employer undertook any long-term obligations with respect to the payments. Id. at 295.

With regard to the first factor, the degree of employer discretion, the court finds that this factor does not implicate an ongoing administrative scheme. The plan at issue provides that severance benefits become due upon the occurrence of three specific triggering events, none of which require the Defendant to exercise any discretion. The company must only determine whether a triggering event has occurred. See Donovan v. Branch Banking and Trust Co., 220 F.Supp.2d 560, 566 (S.D.W.Va. 2002). Then, the company need only determine the amount of benefits due based upon simple mathematical calculations that involve no degree of discretion. See Tinoco v. Marine Chartering Co., 311 F.3d 617, 622 (5th Cir. 2002) (no discretion required to calculate severance benefits based upon age, years of service, and pay). Thus, this case is distinguishable from those cases where an employer was required to make a determination as to an employee's eligibility for benefits based upon the cause of termination. For example, in Mullaly, the employer was required to determine eligibility for severance benefits based upon

whether a particular employee was terminated for cause or no cause, thus exercising significant discretion. Mullaly, 395 F.Supp.2d at 295. See also, Blair v. Young Phillips Corp., 158 F.Supp.2d 654, 659-60 (M.D.N.C. 2001) (noting that when a "for cause" determination must be made in a severance plan, it is a significant factor implicating ERISA).

The second consideration is whether the severance payments are triggered by a single, unique event in the course of business or on a recurring basis. It is clear that the plan at issue was not drafted for a single event such as a plant closing. See, e.g., Fort Halifax, 482 U.S. at 12. A plant closing is only one of the three events that would trigger payment of benefits. Another triggering event is job elimination. As employee jobs are eliminated, which likely happens periodically during the course of the Defendant's business, Defendant's obligation to pay severance benefits is triggered, thus requiring on ongoing commitment on the part of the Defendant. See Mullaly, 395 F.Supp.2d at 296; Ebenstein v. Ericsson Internet Applications, Inc., 263 F.Supp. 2d 636, 642 (S.D.N.Y. 2003). Thus, the second factor implicates the finding of an ERISA plan.

The third and fourth factors do not favor the finding of an ERISA plan. The severance plan provides that benefits are paid in a one-time lump-sum payment within ten days of the employee's last day of employment. The Defendant makes no long term obligations with respect to payments to a particular employee. "[S]imple, mathematical calculations control the amount of the payment and no ongoing administrative scheme is necessary." Donovan, 220 F.Supp.2d at 565.[1]

---

[1] In Hand v. Church & Dwight Co., 962 F.Supp. 742 (D.S.C. 1997), the court found that an ongoing administrative scheme was implicated by the fact that the severance plan contained a release clause because ongoing monitoring by the employer would be required to insure that the

Because three of the four factors considered by the court do not weigh in favor of the finding of an ERISA plan, the court concludes that the severance plan of the Defendant does not require an ongoing administrative program to meet the employer's obligation and thus is not governed by ERISA. Weighing heavily in the court's analysis is the fact that the Defendant has no discretion in determining employee eligibility for benefits. ERISA was enacted to minimize the potential for employer abuse in the administration of employee benefit plans. Blair, 158 F.Supp.2d at 659. The more discretion the employer has in administering the severance benefits, the more opportunity for abuse of that discretion. Id. Conversely, when an employer has little or no discretion in the administration of a plan, there is less need for ERISA protection.

For the foregoing reasons, the court finds that the plan at issue is this case is not governed by ERISA. Thus, remand is appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby GRANTED, and the remaining motions are hereby denied as moot.

Signed: December 20, 2007

Graham C. Mullen
United States District Judge

---

employee did not file a complaint. This court is not persuaded that this type of monitoring rises to the level of an ongoing administrative scheme.